**Katten**
Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
312.902.1061 fax

October 11, 2011

JONATHAN L. MARKS
jonathan.marks@kattenlaw.com
312.902.5337 direct
312.577.4518 fax

**BY ECF FILING**

Magistrate Judge Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *State Farm v. McGee, et al.*, 1:10-cv-03848-ILG-RML

Dear Judge Levy:

Plaintiff State Farm moves this Court for entry of a protective order prohibiting discovery sought by Defendant John McGee and the PC Defendants (the "McGee Defendants") in 15 recently served subpoenas for documents and depositions.[1] The subpoenas do not seek information relevant to this case brought by State Farm *against* the McGee Defendants and the True Owners of McGee's medical clinics. Rather, they seek information related to McGee's case *against* State Farm, a case in which discovery is currently prohibited. The McGee Defendants cannot use discovery in this case, *State Farm v. McGee*, to advance their claims in *McGee v. State Farm* in which discovery is not allowed. Additionally, any claim that the discovery advances a defense in this case, *State Farm v. McGee*, is a ruse laid bare when it is appreciated that the theory upon which it rests is not a defense that has been pled or one that applies to this case.[2]

Some background is necessary to this motion. On January 30, 2008, John McGee filed *McGee v. State Farm, et al.* E.D.N.Y. Case No. 1:08-cv-00392-FB-CLP ("*McGee I*"). The case asserted RICO and state law claims and named as defendants State Farm, 12 medical providers who had allegedly performed independent medical examinations ("IMEs") or peer reviews on McGee patients, and two agencies who had referred those medical providers to State Farm. While difficult to decipher, McGee's theory was that (a) he treated State Farm insureds, (b) he demanded payment for such treatment, (c) State Farm had his treatment reviewed by the medical providers who did IMEs and peer reviews, (d) these medical providers concluded that McGee's treatment was not warranted and (e) State Farm denied McGee's claims for payment. McGee claimed that these practices were somehow "fraudulent," and part of a grand conspiracy to deny him his "constitutional right to practice medicine." (*McGee I* Compl. ¶ 34.)

State Farm moved to dismiss the Complaint, pointing out numerous defects, including that McGee had no standing, the Complaint contained causes of action that did not exist, and that, even if the allegations were true, they did not allege fraud because there was no false statement upon which anyone relied to their detriment. While the motion to dismiss was pending,

---

[1] State Farm does not challenge the subpoena served on the National Insurance Crime Bureau.

[2] On October 10, 2011, counsel for State Farm conferred with counsel for the McGee Defendants. The parties were unable to reach an agreement regarding the subpoenas leading to this motion.

Magistrate Judge Pollack, after considering McGee's theories, told State Farm to raise a "motion for a stay [of discovery before Judge Block] . . . based on what I am hearing here. I would grant it but [pursuant to] Judge Block's rules" the issue of a stay is for the District Court. (*See* Dkt. 94 at 24.) Thereafter, Judge Block did in fact stay discovery pending a ruling on State Farm's motion to dismiss, and on July 14, 2009, granted State Farm's motion to dismiss the RICO claims with prejudice and the state law claims without prejudice. (Dkt. 155.) Judge Block's ruling, consistent with State Farm's motion, found, among other things, that there was nothing to McGee's fraud theory because McGee could not allege that anyone was deceived by the purported false conduct.[3]

Undaunted by Judge Block's dismissal, on August 18, 2009, McGee filed *McGee v. State Farm, et al.* E.D.N.Y. Case No. 1:09-cv-03579-ILG-RML ("*McGee II*"), currently pending in this Court. *McGee II* closely tracks *McGee I*, asserts identical facts and theories, and differs only in that *McGee II* is limited to state law claims and names only two medical providers and one referring agency as defendants. State Farm has moved to dismiss this complaint, and that motion is fully briefed and awaiting ruling. The motion points out that in addition to the defects of the original Complaint (a complete failure to allege a false statement upon which anyone relied to their detriment), the new Complaint is also barred by collateral estoppel based on Judge Block's ruling, and notes that in addition to Judge Block, two other judges in this District, including Judge Glasser, have rejected the identical theory on motions to dismiss.[4] In October 2010, the parties submitted status reports to the Court, with State Farm taking the position that discovery should be stayed pending a ruling on State Farm's motion to dismiss. McGee did not object to that request. Since that time, the Court has declined to enter a scheduling order, and the parties have not conducted, nor have they been required to conduct, a scheduling conference pursuant to Rule 26(f). Pursuant to Rule 26(d)(1), a party may not seek discovery from any source before the Rule 26(f) conference.

Thus, in the current procedural posture, discovery in *McGee II* is not allowed. Indeed, counsel for the McGee Defendants did not claim during discussions with State Farm's counsel that discovery is permitted in *McGee II*. Yet that is precisely what the 15 subpoenas at issue are about. The subpoenas are directed to the medical providers who performed IMEs and peer reviews and the referral agencies who were either named as defendants or identified in the complaints filed in *McGee I* and *II*. Indeed, some of these medical providers are acupuncturists and chiropractors who cannot possibly have reviewed McGee's conduct at issue in this case because McGee is a doctor of osteopathy and performed the tests at issue in his capacity as a D.O. The 15 subpoenas can have only one purpose – to advance the theories articulated in the *McGee II* Complaint, which at this point is not and cannot be permitted.

---

[3] Judge Block wrote: "In this conspiracy which McGee alleges, however, none of the defendants' conduct is calculated to deceive anyone. The Providers' [of IMEs and peer reviews] allegedly falsified IME reports are not calculated to deceive State Farm because State Farm ordered the falsification in the first place. Neither are the reports calculated to deceive McGee: he knows full well what his own patients' true condition is, and defendants' reports are not intended to convince him otherwise. Nor are the reports calculated to deceived McGee's patients, who apparently do not even receive them, and who are aware of their own injuries in any event." (Dkt. 155 at 14.)

[4] The exact theory has been raised by the same plaintiff's attorney who drafted the complaints in *McGee I* and *McGee II* (but has since withdrawn) in two unrelated lawsuits. In both instances, it was rejected at the motion to dismiss stage. *See Sundahl v. State Farm*, E.D.N.Y. Case No. 08-cv-1342 (JS)(WDW), Dkt. 34; *State Farm v. CPT Medical Services, P.C.*, E.D.N.Y. Case No. 04-cv-5045 (ILG)(ALC), Dkt. 487.

Any claim by the McGee Defendants that the discovery would advance a defense in this case, *State Farm v. McGee*, such as the equitable defense of *in pari delicto*, likewise fails. First, *in pari delicto* is an affirmative defense that must be raised in a defendant's answer. *See In re Refco Securities Litigation*, 779 F.Supp.2d 372, 372 n1 (S.D.N.Y. 2011) ("in pari delicto is an affirmative defense"); *Petrello v. White*, 412 F. Supp. 2d 215 (E.D.N.Y. 2006) (same); *Cobalt Multifamily Investors I, LLC v. Arden*, No. 06 CV 6172, 2011 WL 4595196 at *9 (S.D.N.Y. Sept. 9, 2011) (*in pari delicto* defense waived because it was not pled). Here, even though the McGee Defendants pled 18 affirmative defenses, they did not raise *in pari delicto*, and thus cannot assert the theory to support discovery. (Dkt. 17.) Efforts to use it now to justify discovery confirms that it would be nothing more than an excuse for impermissible conduct.

Second, even if the discovery established all of the facts McGee claims are true in the *McGee II* Complaint, the Complaint still does not state a viable theory of fraud. The theory has been rejected three times by different judges in this District, and has been found so deficient as to support stays of discovery. Calling it a defense instead of a cause of action does not make it any more worthy of discovery.

Finally, even if the facts alleged were true, they do not support the defense. *In pari delicto*, which literally means "in equal fault," provides a defense only against a plaintiff who actively participates directly in the activity that is the subject of the suit and cooperates with the defendant in that wrongdoing. *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, No. 03 Civ. 3, 2006 WL 278138, * (S.D.N.Y. Feb. 2, 2006) (the *in pari delicto* defense "is meant to bar a claim by a plaintiff who is an active, voluntary participant in the unlawful activity that is the subject of the suit. Plaintiffs who are truly in pari delicto are those who have themselves violated the law in cooperation with the defendant.") (internal quotations and citation omitted). Here, in State Farm's case against McGee, State Farm alleges that McGee submitted fraudulent bills for medical services that State Farm paid. McGee does not claim that State Farm participated in or cooperated with *that* wrongdoing. At best, he claims State Farm wrongly decided not to pay him, and used fraudulent IMEs and peer reviews to do so. These are two separate purported activities. More fundamentally, accepting the factual allegations, McGee is asserting that State Farm and McGee were working *against* each other's interests, *not* in cooperation or "in equal fault" to further a joint plan. As a result, *in pari delicto* does not apply.

Pursuant to Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." McGee cannot conduct discovery in *McGee II*, which is what these subpoenas represent. Any claim that they support a defense in this case is without merit. The burden of allowing this discovery, based on a meritless theory that has been rejected three times, is significant and will impose an undue burden not only on State Farm, but on each of the non-parties and the Court. Accordingly, this Court should enter a protective order quashing these subpoenas and precluding the discovery.

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks