Katten
Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
312.902.1061 fax

JONATHAN L. MARKS
jonathan.marks@kattenlaw.com
312.902.5337 direct
312.577.4518 fax

October 20, 2011

**BY ECF FILING**

Magistrate Judge Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *State Farm v. McGee, et al.*, 1:10-cv-03848-ILG-RML

Dear Judge Levy:

Plaintiff State Farm respectfully submits this reply in support of its motion for entry of a protective order prohibiting discovery sought by Defendant John McGee and the PC Defendants ("Defendants") in 15 recently served subpoenas for documents and depositions. Defendants' response makes two arguments -- that State Farm is without standing to oppose the discovery, and that the discovery is relevant to this case, *State Farm v. McGee*. In fact, State Farm does have standing because its motion is for a protective order regarding discovery under Rule 26(c). Additionally, while Defendants argue relevance and claim they will amend their pleading to assert a new defense, they do not offer any explanation for how this discovery will uncover any fact that makes a matter at issue more or less likely. The discovery sought does not come close to meeting even the broad standard for federal discovery and should not be allowed.

Defendants argue that State Farm has no standing to move to quash the subpoenas and cite in support of this assertion cases addressing a party's standing to challenge non-party subpoenas. While State Farm does in fact meet the standard to move to quash non-party subpoenas (Defendants themselves claim that the subpoenaed parties worked for State Farm and acted on its directions and the documents were created for State Farm's benefit), it is not necessary to address this issue. That is because the scope of discovery under Federal Rule of Civil Procedure 45 governing subpoenas is the same as that permitted under Rule 26(b), and a party to a lawsuit has standing to move for a protective order under Rule 26(c) with respect to subpoenas issued to non-parties. *See Morrison v. YTB Int'l, Inc.*, No. 08-565, 2010 WL 1752579, at *3 (S.D. Ill. Apr. 30, 2010) (finding party may challenge subpoena directed to a nonparty "via a request for a protective order in the court where the action is pending"); *Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("[T]he plaintiff has standing to challenge the subpoenas on the basis of his having moved for a protective order pursuant to Rule 26. It is well-settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26"); *Smartix Intern., L.L.C. v. Garrubbo, Romankow & Capese, P.C.*, No. 06 Civ. 1501, 2007 WL 4166035, at *2 (S.D.N.Y. Nov. 20, 2007) (quashing subpoenas of third parties under, among other things, Rule 26(c)); *Lempel & Son Co., Inc. v. Boden*, No. 90 Civ. 0272, 1990 WL 235577, at *1 (S.D.N.Y. Dec. 18, 1990) (defendant's motion for protective order pursuant to Rule 26(c) quashing the subpoena duces tecum and non-party

depositions granted); *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, No. 2:04-cv-01199, 2007 WL 119148, at *4 (D. Nev. Jan. 9, 2007) (party to lawsuit has standing to move for protective order under Rule 26(c) with respect to non-party subpoenas); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (concluding that parties "clearly have standing to move for a protective order if the subpoena seeks irrelevant information"). As State Farm's motion is for a protective order under Rule 26(c) it has standing to make such a motion.

Defendants' claims about the appropriateness of the discovery are equally meritless. While the standard for federal discovery is broad, Defendants at a bare minimum must be able to articulate how any fact they might uncover might make a plausible theory in the case more or less likely. Even by this generous standard, they do not come close. First, Defendants have provided no indication of what the defense actually is. They say no more than that they will assert a defense of *in pari delicto*, which requires evidence that State Farm actively participated directly in the activity that is the subject of this suit and cooperated with the Defendants in that wrongdoing. *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, No. 03 Civ. 3, 2006 WL 278138, at *10 (S.D.N.Y. Feb. 2, 2006) (the *in pari delicto* defense "is meant to bar a claim by a plaintiff who is an active, voluntary participant in the unlawful activity that is the subject of the suit. Plaintiffs who are truly *in pari delicto* are those who have themselves violated the law in cooperation with the defendant.") (internal quotations and citation omitted). But they have not stated anywhere what State Farm is supposed to have done in connection with this suit. The complaint in *McGee v. State Farm* purports to allege wrongdoing by State Farm, but it cannot be relied upon to support discovery because discovery is not permitted in that case. Moreover, the theory in *McGee v. State Farm* is so flawed that every judge in this District to consider it has rejected it and two felt it merited stays of discovery. Defendants do not claim that the discovery is sought to advance that case. Nor can Defendants point to any pleading in this case where the *in pari delicto* defense has been pled, leaving us to speculate as to what the theory might be. Defendants' Response to the motion provides no guidance other than asserting that the discovery will show that medical professionals who examined treatment provided by Dr. McGee's clinics found that it was not medically necessary. Such evidence, however, would not establish any defense, let alone the defense of *in pari delicto*. Rather, it would prove State Farm's claims.

The discovery Defendants contemplate is extensive and will be costly. It includes not only document production, but 15 non-party depositions. It will impose burdens not only on the parties, but non-parties and the Court to the extent it is called upon to address issues related to 15 separate inquiries. Even under the broad view of federal discovery, Defendants must at least be able to articulate a plausible theory for which the discovery is sought and how the discovery might lead to information that could conceivable advance that theory. Defendants have not done so here. Accordingly, this Court should enter a protective order precluding the discovery.

Respectfully submitted,

*Jonathan Marks*

Jonathan L. Marks

JLM:drm