

Blodnick, Conroy, Fazio & Diglio, PC
COMMON SENSE. UNCOMMON SERVICE. STELLAR RESULTS.

Edward K. Blodnick, Esq.
Matthew J. Conroy, Esq.
Thomas R. Fazio, Esq.
Maria C. Diglio, Esq.

Paul A. Lanni, Esq.
Steven R. Talan, Esq.
Charles P. Blattberg, Esq.
Scott J. Laird, Esq.
Jessica M. Mannix, Esq.

Deborah J. Mazzola, Practice Administrator

November 9, 2011

BY ECF FILING

Magistrate Judge Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   State Farm Mutual Automobile Insurance Company v. McGee, et al.
      United States District Court EDNY Index No.: CV-10-3848 (ILG)(RML)

Your Honor:

We represent Defendants John McGee, Advanced Medical Rehabilitation, P.C., Integrated Medical Rehabilitation and Diagnostics, P.C., Yellowstone Medical Rehabilitation, P.C., Queens -Brooklyn Medical Rehabilitation, P.C. and Queens Brooklyn Jewish Medical Rehabilitation, P.C. ('Defendants') in the above- referenced matter. This letter is being submitted in opposition to the National Insurance Crime Bureau's ('NICB') motion for a protective order to block the subpoena served on the NICB.

The NICB fails to cite any court order or rule that would be violated by the subpoena issued on them (*e.g.*, scheduling orders, protective orders). *The Hartz Mountain Corp. v. Channelle*

1325 Franklin Ave
Suite 555
Garden City, NY 11530
www.bcfdlaw.com
(516) 280-7105 (o)
(516) 280-7102 (f)

Blodnick, Conroy, Fazio & Diglio, PC

*Pharma. Veterinary Prods. Mft. Ltd.*, 235 F.R.D. 535, 536 (D. Me. 2006) (finding plaintiffs had standing to enforce court's scheduling order).

The NICB asserts that "relevance is a factor to consider when assessing whether a subpoena places an undue burden on a non-party." The Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Thus, the threshold for establishing relevance is minimal. *See United States v. Khan*, 787 F.2d 28, 34 (2d Cir. 1986); *see also Condit*, 225 F.R.D. at 105 ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept.").

The documents sought here are relevant. The Plaintiff in this action, State Farm Mutual Automobile Insurance Company ("State Farm"), is a member company of the NICB. As a member company they would have shared and received information from the NICB regarding NICB's investigations. Member companies also receive alerts and periodic customer service reports. State Farm even put their claims (including the ones at issue) into the NICB's ISO claims database.

To establish a lack of relevance for the subpoena at issue the NICB proffers the unsworn declaration of Barbara Stolfe, an employee of State Farm. Ms. Stolfe fails to set forth a basis for her knowledge (other than being counsel's "liaison") or that the NICB lacks relevant documents. Ms. Stolfe only states "no information from NICB was utilized in drafting the complaint." The NICB could have (and most likely did in fact) provide documents and information to facilitate State Farm's investigation which formed the basis for the complaint at issue. If the NICB actually lacked relevant information they would have provided an affidavit by one of their employees stating such.

Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome. *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) ("The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant."), *quoting Jones v. Hirschfeld*, 219 F.R.D. 71, 74-75 (S.D.N.Y.2003). The NICB have not established that the documents sought are over-broad, duplicative or unduly burdensome.

Discovery may be blocked if permitting it would create an undue burden that outweighs its necessity. *See Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 169 (E.D.N.Y. 1988). The burden encompasses both the personal hardship to the subpoenaed party and the wider social

1325 Franklin Ave
Suite 555
Garden City, NY 11530
www.bcfdlaw.com
(516) 280-7105 (o)
(516) 280-7102 (f)

Blodnick, Conroy, Fazio & Diglio, PC
_____

consequences of permitting discovery. *See id.* The NICB fails to describe any personal hardship they would face if they complied with the subpoena. The NICB stores and maintains a database of investigative information using the National Insurance Crime Analysis Program ("NICAP") system. Compliance here would mean a few searches of this database. The NICB also fails to describe any wider social consequence in permitting the discovery sought.

Upon information and belief the NICB has furnished to State Farm derogatory information about Advanced Medical Rehabilitation, P.C., Integrated Medical Rehabilitation and Diagnostics, P.C., Yellowstone Medical Rehabilitation, P.C., Queens-Brooklyn Medical Rehabilitation, P.C. and Queens Brooklyn Jewish Medical Rehabilitation, P.C. and their principal, John McGee all to their detriment.

For all the foregoing reasons Plaintiff's motion for a protective order should be denied.

Respectfully submitted,

Edward K. Blodnick (EB1976)

Cc: ALL COUNSEL VIA ECF

1325 Franklin Ave
Suite 555
Garden City, NY 11530
www.bcfdlaw.com
(516) 280-7105 (o)
(516) 280-7102 (f)