

**Jay Shapiro**

One Penn Plaza | 250 W. 34th Street, Suite 4110 | New York, NY 10119-4115
Direct 212.714.3063 | Fax 212.631.1240
shapiroj@whiteandwilliams.com | whiteandwilliams.com

November 11, 2011

**By Electronic Case Filing**

Hon. Robert M. Levy
United States Magistrate
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: State Farm v. McGee, et al., 10 CV 3848 (ILG)(RML) (E.D.N.Y.)**

Dear Judge Levy:

     This letter is submitted on behalf of the National Insurance Crime Bureau ("NICB") to reply to the letter filed on behalf of defendants John McGee, Advanced Medical Rehabilitation, P.C., Integrated Medical Rehabilitation and Diagnostics, P.C., Yellowstone Medical Rehabilitation, P.C., Queens-Brooklyn Medical Rehabilitation, P.C., and Queens Brooklyn Jewish Medical Rehabilitation, P.C. (collectively, "McGee") in response to NICB's motion to quash. Because McGee's response fails to adequately refute the arguments made by NICB the subpoena served upon NICB for a deposition and documents should be quashed.

     First, McGee asserts that NICB failed to cite any rule or order violated by the subpoena. That is simply untrue. NICB's motion to quash specifically relied upon Fed. R. Civ. P. 45(c)(3), and the authority that rule provides to the Court to quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

     Next, McGee totally avoided responding to NICB's contention that the subpoena was defective on its face in light of its ambiguous, vague and overbroad command that NICB produce "any and all documents, as that term is defined by Fed. R. Civ.P. [sic] 34(a), or other tangible items that are in your possession, custody or control that pertain, relate or represent" relating to each of the defendants in this case and more than twenty-five other persons or entities. There is no description of the nature of the documents sought and on time period provided. This is a classic fishing expedition, designed solely to harass and without any legitimate focus.

8377373v.1

Hon. Robert M. Levy
November 11, 2011
Page 2

In what appears to be some attempt to cure this defect, McGee's response alludes to the fact that State Farm is a member organization of NICB. That, standing alone, has no bearing on whether relevant documents exist. McGee has asked this Court to ignore the declaration of Barbara Stolfe in which she clearly describes her position, basis of knowledge and authority and refutes the speculation of McGee that NICB provided information used in the drafting of this lawsuit. Additionally, what is referred to by McGee as the "unsworn declaration of Barbara Stolfe," fully complies with 28 U.S.C. 1746.

As to his contention concerning relevance, McGee has asked this Court to make the following jump in logic: State Farm is a member of NICB, NICB must have information concerning McGee *relevant* to this lawsuit and that information must have been provided to State Farm. Other than the first element of this syllogism, the remainder is speculative and does not supplant the requirements for a valid subpoena. In fact, the arguments made by McGee constitute unfounded speculation, as is demonstrated by the erroneous statement that NICB is the owner of the ISO database. All McGee needs to do is look at http://www.iso.com/Products/ISO-ClaimSearch/ISO-ClaimSearch-Database-Segments.html, to understand that the ISO database is not owned by NICB.

Finally, McGee has failed to dispute NICB's point that there has been nothing produced in discovery in this case that supports the theory that NICB contributed information to State Farm that was used in the investigation in this matter. Similarly, McGee's search for claims information should be directed at State Farm, which processed the claims at issue in this lawsuit, and not NICB. At a minimum, then, this subpoena is premature and nothing more than an attempt to harass a nonparty to the litigation.

For the reasons stated above and in its initial letter, NICB respectfully requests that its motion to quash be granted.

Respectfully Submitted,

WHITE AND WILLIAMS LLP

Jay Shapiro

8377373v.1