

# SCHENCK PRICE SMITH & KING, LLP
ATTORNEYS AT LAW
~ Founded 1912 ~

JOHN P. CAMPBELL
Admitted in NJ and NY
Direct Line: 973-540-7322
Email: jpc@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932-0991
Telephone: 973-539-1000
Fax: 973-540-7300

www.spsk.com

March 13, 2012

*Via ECF*

Hon. Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *State Farm Mutual Automobile Ins. Co. v. McGee, et al.*
Civ. Action No.: *10-cv-03848-ILG-RML*

Your Honor:

We represent Metro Medical Services, LLC ("Metro Medical") with regard to the Subpoena to Testify at a Deposition in a Civil Action dated January 25, 2012 and Defendants' pending motion to compel Metro Medical's deposition. Kindly accept this correspondence in lieu of more formal papers in opposition to Defendants' motion setting forth that Defendant's motion is procedural deficient and the subpoena is substantively improper.

## *Defendants' Motion is Procedurally Deficient*

First, Defendants failed to properly serve a copy of their motion upon my office and Metro Medical. Defense counsel's letter brief indicates that he cc'd "all counsel via ECF," but since we have not previously appeared in this case we did not receive notice. Moreover, he failed to serve my office via regular or email despite the fact that I was engaged in an email conversation with his partner, Maria DiGlio, Esq.

Second, Metro Medical timely raised its objections to Defendants' improper subpoena. Local Civil Rule 37.3(a) states that "[p]rior to seeking judicial resolution of a discovery or nondispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute." (emphasis added). On Friday, February 17, 2012, 11 days after service of the subpoena, I telephoned Defendants' attorney of recorded noted on the subpoena, Maria DiGlio, to discuss the subpoena and our objections to same. Ms. DiGlio requested that I formally set forth our objections in a letter to determine whether or not we could resolve our dispute without court intervention. On Friday, February 24, 2012, I emailed our letter to Ms. DiGlio and copied State Farm's counsel. A true and accurate copy of that email and letter is annexed hereto as Exhibit A. I never heard back from Ms. DiGlio via

telephone nor email. It was not until this morning when I reviewed the online docket via Pacer did I learn a motion was filed last week.

Third, a review of the Court's online docket sets forth that the Defendants filed a motion to compel arbitration and "stay the balance of the proceedings pending arbitration" on March 5, 2012. *See* ECF Document 95. A day later it filed the instant motion seeking to compel non-party discovery. It is counterintuitive that Defendants asked this Court to stay all proceedings one day and then force additional proceedings the next day. Defendants' motion to compel Metro Medical's deposition should be denied.

### *Defendants' Subpoena is Substantively Improper*

#### *McGee's Subpoena is in Violation of the Court's January 10, 2012 Order*

Prior to the subpoena dated January 25, 2012 and served on or about February 6, 2012 which is the subject of the instant motion, Defendants previously issued subpoenas which became the subject of a motion for a protective order filed by State Farm. The protective order motion was resolved by the Court's Minute Entry Order dated January 10, 2012. In relevant part, the Court states in its Order:

> For the reasons explained on the record, the motion for a protective order is resolved as follows: (1) The McGee defendants shall identify 2 nonparty <u>doctors</u> whom they wish to depose. The depositions shall be limited to 3 hours.

*See* Court's Minute Entry Order dated January 10, 2012 (emphasis added).

Metro Medical is <u>not</u> a doctor. Metro Medical is merely an IME referral service. This is conceded by Defendants in the March 6, 2012 letter brief. Therefore, the January 25, 2012 subpoena is in clear violation of the Court's January 10th Order which limited McGee's non-party discovery to physicians only.

Moreover, even if the doctor only language were ignored, it would be impossible to conduct a 3 hour deposition of Metro Medical as per the January 10, 2012 Order regarding the numerous issues identified in the Subpoena.

#### *McGee's Subpoena Seeks Irrelevant Information from Metro Medical*

In response to State Farm's motion for a protective order regarding the 15 originally served non-party subpoenas, Defendants argued that they was seeking relevant discovery. Specifically, Defendants argued the following:

> The subpoenas seek relevant testimony. The non-parties subpoenaed made the determination that medical necessity was not documented for the underlying no-fault claims at issue based on a review of medical records or examination. As the persons responsible for making the determination of lack of medical necessity on behalf of the Plaintiff, their testimony is not only relevant but essential to all of the Plaintiff's claims.

*See* Letter Brief dated October 13, 2011 from Edward K. Blodnick (ECF Doc 47).

However, this argument is inapplicable to Metro Medical. Metro Medical is in the business of scheduling and facilitating IMEs on behalf of third parties, such as insurers, third-party administrators, employers and attorneys, which examinations are then performed by licensed physicians or medical providers. Metro Medical does not make any determinations regarding whether or not a medical procedure

is a medical necessity. Metro Medical does not review medical records or conduct examinations. As such, Metro Medical cannot provide any relevant testimony to this action. As the Court identified in the January 10, 2012 Order, <u>only doctors</u> can provide the testimony McGee alleges to be relevant.

In support of the instant application, Defendants now argue:

MMS' deposition testimony will show that they engage in a process through which IMEs are referred only to doctors who will generate satisfactory reports to *both* State Farm and MMS. These "satisfactory reports" are reports which deny further testing, which in turn, allows for State Farm to pay for less testing per patient.

*See* Letter Brief dated March 6, 2012 from Edward K. Blodnick (ECF Doc 97).

Again, the examinations are performed by licensed physicians or medical providers. It would be impossible for Metro Medical to predict whether or not one of the licensed physicians or medical providers would make a determinations regarding whether or not a medical procedure is a medical necessity. Moreover, as indicated below, Metro Medical does not create or file records relating to services provided by any particular treating physician or other medical professionals. Therefore, Metro Medical cannot provide any relevant testimony to this action.

Also, it is implausible how any of the discovery sought from Metro Medical might advance McGee's potential *in pari delicto* defense. As articulated in State Farm's letter brief dated October 20, 2011 (ECF Doc 48), this defense "requires evidence that State Farm actively participated directly in the activity that is the subject of the suit and cooperated with the Defendants in that wrongdoing." However, it has already been determined that these claims, previously asserted by McGee in *McGee II* against State Farm and Metro Medical, are without merit and the RICO claims were dismissed with prejudice by Judge Glasser's Order in *McGee II*. *See* State Farm's Supplemental Authority dated November 11, 2011 (ECF Doc 53). This ruling reinforces the position that there is no relevant basis for the discovery sought by McGee in the January 25, 2012 subpoena.

### *McGee's Subpoena is Overbroad, Overly Burdensome and Seeks HIPAA Protected Information*

Generally, the subpoena is overly broad. Despite the fact that the Court entertained and then ruled upon motion practice to limit the initially served subpoenas, McGee has broadened the demands in the now relevant subpoena. At the very least this violates the spirit of the Court's January 10, 2012 Order. McGee's initial subpoena to Metro Medical was dated September 21, 2011. That subpoena was limited in scope compared to the now pending subpoena. Specifically, the Rider demanded only one of the category of documents now sought.

Moreover, the specific demands within the now relevant subpoena are overbroad, overly burdensome and seek confidential health information protected by HIPAA. The information sought may also already be in the possession of plaintiff, State Farm.

The instant January 25, 2012 subpoena seeks the deposition of a corporate witness who has knowledge regarding the following categories of documents as well as the production of the documents:

1. Please produce any and all documents, as that term is defined by Fed. R. Civ. P. 34(a), or other tangible items that are in your possession, custody or control that pertain, relate or represent John McGee, Advanced Medical Rehabilitation, P.C.,

Integrated Medical Rehabilitation and Diagnostics, P.C., Yellowstone Medical Rehabilitation, P.C., Queens-Brooklyn Medical Rehabilitation, P.C., and Queens Brooklyn Jewish Medical Rehabilitation, P.C. including but not limited to all medical reports prepared pursuant to peer reviews and independent medical examinations that relate to treatment provided by Advanced Medical Rehabilitation, P.C., Integrated Medical Rehabilitation and Diagnostics, P.C., Yellowstone Medical Rehabilitation, P.C., Queens-Brooklyn Medical Rehabilitation, P.C., and Queens Brooklyn Jewish Medical Rehabilitation, P.C.

2. Please produce any and all documents relating to the services provided to or on behalf of Metro Medical Services, Inc. by physicians Harvey Goldberg, MD, Francisco Santiago, MD, Burton Diamond, MD, Joseph Cole, MD and licensed acupuncturist Eric Baron, LAC and Scott Cortez, LAC, including, but not limited to, all IME reports, peer review reports, medical reports and any other reports prepared by the aforementioned professionals.

3. Please produce any and all agreements, contracts or other written documents evidencing the relationship between State Farm and Metro Medical Services, Inc.

4. Please produce all evidence of payment by State Farm to Metro Medical Services, Inc., including, but not limited to, copies of cancelled checks, direct deposits, etc.

5. Please produce all documents evidencing Metro Medical Services, Inc.'s creation, use, composition or establishment of statistics, formulas or records relating to services provided by particular physicians or other medical professionals who do or who have provided services for or on behalf of Metro Medical Services, Inc.

Metro Medical cannot provide the documents requested in the first or second categories of documents because the demands are overly broad and it would be extremely burdensome to comply with these requests. First, Metro Medical does not create or file records relating to services provided by any particular treating physician or other medical professionals. Second, McGee's demands are not limited by date. Therefore, a Metro Medical employee would have to manually review every file in the office to confirm whether it related to McGee, *et al*. Metro Medical facilitates tens of thousands of reviews or examinations per year and every review or examination file contain hundreds of pages of records. To comply with McGee's subpoena would require a review of this magnitude. Moreover, even if Metro Medical were to be able to identify documents responsive to the demands, it could not provide said documents without violating HIPAA requirements. Finally, some of the documents sought may already be in the possession of the plaintiff, State Farm, if any of the reviews or examinations were conducted on its behalf.

Metro Medical cannot provide the documents requested in the third or fourth categories of documents because the demands are overly broad. These demands also seek proprietary commercial information. Moreover, these demands are more properly served upon the plaintiff, State Farm, who may be in possession of any such documents.

Finally, Metro Medical cannot provide the documents requested in the fifth category of documents because no such records are maintained. As indicated above, Metro Medical does not create or file records relating to services provided by any particular treating physician or other medical professionals.

For the foregoing reasons, Metro Medical respectfully requests that this Court deny Defendants' motion.

> Respectfully submitted,
>
> SCHENCK, PRICE, SMITH & KING, LLP
>
> /s/ John P. Campbell
> John P. Campbell (JC 8746)
> *Attorneys for Metro Medical Services, LLC*

JPC:1220611

**CC Via ECF:**

All Counsel Listed

**CC Via Email:**

Edward K. Blodnick, Esq.
Blodnick, Fazio & Associates, P.C.
1325 Franklin Avenue, Suite 555
Garden City, New York 11530
eblodnick@bfandapc.com

Emily J. Prentice, Esq.
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661-3693
emily.prentice@kattenlaw.com

Andrew L. Zwerling, Esq.
Garfunkel Wild, P.C.
111 Great Neck Road
Great Neck, New York 11021
azwerling@garfunkelwild.com

# *EXHIBIT A*

## John P. Campbell

**From:** John P. Campbell
**Sent:** Friday, February 24, 2012 1:38 PM
**To:** 'mdiglio@bcfdlaw.com'
**Cc:** 'emily.prentice@kattenlaw.com'
**Subject:** State Farm v. McGee; Subpoena to Metro Medical
**Attachments:** McGee- Corr to McGee's counsel re. Subpoena (01216880).PDF

Maria,

Please see attached.

Thank you,
JPC

John P. Campbell
Schenck, Price, Smith & King, LLP
Celebrating 100 Years of Service to our Clients and Community
220 Park Avenue | PO Box 991
Florham Park, NJ 07932
Phone: 973-540-7322
Fax: 973-540-7300
Email: jpc@spsk.com
Website: http://www.spsk.com
Bio: View my Bio

Disclaimer Required by IRS Circular 230:
Unless otherwise expressly approved in advance by the sender, any discussion of federal tax matters herein is not intended : cannot be used to avoid penalties under the Federal tax laws or to promote, market or recommend to another party any transaction or tax-related matter addressed.

Confidentiality Notice:
This message contains information intended for the use of the addressee only, which may be privileged and confidential. If you are not an addressee, any review, distribution, or use of the contents of this message is prohibited. If you have received this message in error, please contact the sender immediately.



**SCHENCK**
**PRICE**
**SMITH &**
**KING, LLP**
ATTORNEYS AT LAW
~ Founded 1912 ~

JOHN P. CAMPBELL
Admitted in NJ and NY
Direct Line: 973-540-7322
Email: jpc@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932-0991
Telephone: 973-539-1000
Fax: 973-540-7300

www.spsk.com

February 24, 2012

*Via Email*

Maria DiGlio, Esq.
Blodnick, Conryo, Fazio & DiGlio, PC
1325 Franklin Avenue, Suite 555
Garden City, New York 11530

    Re:   *State Farm Mutual Automobile Ins. Co. v. McGee, et al.*
           Civ. Action No.:   *10-cv-03848-ILG-RML*

Dear Ms. DiGlio:

We represent Metro Medical Services, LLC ("Metro Medical") with regard to the Subpoena to Testify at a Deposition in a Civil Action dated January 25, 2012 that you served on behalf of John McGee in the above-referenced matter. Kindly accept this correspondence in furtherance of our telephone call on February 17, 2012 and our good faith duty per Local Civil Rule 37.3(a).

For the reasons set forth below, we ask that you withdraw the January 25, 2012 subpoena.

### *McGee's Subpoena is in Violation of the Court's January 10, 2012 Order*

First, we understand McGee's previously issued subpoenas were the subject of a motion for a protective order and those issues were resolved by the Court's Minute Entry Order dated January 10, 2012. In relevant part, the Court states in its Order:

> For the reasons explained on the record, the motion for a protective order is resolved as follows: (1) The McGee defendants shall identify 2 nonparty <u>doctors</u> whom they wish to depose. The depositions shall be limited to 3 hours.

*See* Court's Minute Entry Order dated January 10, 2012 (emphasis added).

As you are aware, Metro Medical is <u>not</u> a doctor. Metro Medical is merely an IME referral service. Therefore, the January 25, 2012 subpoena is in violation of the Court's January 10th Order which limited McGee's non-party discovery to physicians only. Moreover, even if you were to interpret the Court's order to include Metro Medical (a position we do not accept), it would be impossible to conduct a 3 hour deposition of Metro Medical regarding the numerous issues identified in the Subpoena.

### *McGee's Subpoena Seeks Irrelevant Information from Metro Medical*

In response to State Farm's motion for a protective order regarding the 15 originally served non-party subpoenas, McGee argued that he was seeking relevant discovery. Specifically, your firm argued the following:

> The subpoenas seek relevant testimony. The non-parties subpoenaed made the determination that medical necessity was not documented for the underlying no-fault claims at issue based on a review of medical records or examination. As the persons responsible for making the determination of lack of medical necessity on behalf of the Plaintiff, their testimony is not only relevant but essential to all of the Plaintiff's claims.

*See* Letter Brief dated October 13, 2011 from Edward K. Blodnick (ECF Doc 47).

However, this argument is inapplicable to Metro Medical. Metro Medical is in the business of scheduling and facilitating IMEs on behalf of third parties, such as insurers, third-party administrators, employers and attorneys, which examinations are then performed by licensed physicians or medical providers. Metro Medical does not make any determinations regarding whether or not a medical procedure is a medical necessity. Metro Medical does not review medical records or conduct examinations. As such, Metro Medical cannot provide any relevant testimony to this action. As the Court identified in the January 10, 2012 Order, only doctors can provide the testimony McGee alleges to be relevant.

Also, it is implausible how any of the discovery sought from Metro Medical might advance McGee's potential *in pari delicto* defense. As articulated in State Farm's letter brief dated October 20, 2011 (ECF Doc 48), this defense "requires evidence that State Farm actively participated directly in the activity that is the subject of the suit and cooperated with the Defendants in that wrongdoing." However, it has already been determined that these claims, previously asserted by McGee in *McGee II* against State Farm and Metro Medical, are without merit and the RICO claims were dismissed with prejudice by Judge Glasser's Order in *McGee II*. *See* State Farm's Supplemental Authority dated November 11, 2011 (ECF Doc 53). This ruling reinforces our position that there is no relevant basis for the discovery sought by McGee in the January 25, 2012 subpoena.

### *McGee's Subpoena is Overbroad, Overly Burdensome and Seeks HIPAA Protected Information*

Generally, the January 25, 2012 subpoena is overly broad. Despite the fact that the Court entertained and then ruled upon motion practice to limit the initially served subpoenas, McGee has broadened the demands in the January 25, 2012 subpoena. At the very least this violates the spirit of the Court's January 10, 2012 Order. McGee's initial subpoena to Metro Medical was dated September 21, 2011. That subpoena was limited in scope compared to the now pending subpoena. Specifically, the Rider demanded only one of the category of documents now sought.

Moreover, the specific demands within the January 25, 2012 subpoena are overbroad, overly burdensome and seek confidential health information protected by HIPAA. The information sought may also already be in the possession of plaintiff, State Farm.

The January 25, 2012 subpoena seeks the deposition of a corporate witness who has knowledge regarding the following categories of documents as well as the production of the documents:

1. Please produce any and all documents, as that term is defined by Fed. R. Civ. P. 34(a), or other tangible items that are in your possession, custody or control that pertain, relate or represent John McGee, Advanced Medical Rehabilitation, P.C., Integrated Medical Rehabilitation and Diagnostics, P.C., Yellowstone Medical Rehabilitation, P.C., Queens-Brooklyn Medical Rehabilitation, P.C., and Queens Brooklyn Jewish Medical Rehabilitation, P.C. including but not limited to all medical reports prepared pursuant to peer reviews and independent medical examinations that relate to treatment provided by Advanced Medical Rehabilitation, P.C., Integrated Medical Rehabilitation and Diagnostics, P.C., Yellowstone Medical Rehabilitation, P.C., Queens-Brooklyn Medical Rehabilitation, P.C., and Queens Brooklyn Jewish Medical Rehabilitation, P.C.

2. Please produce any and all documents relating to the services provided to or on behalf of Metro Medical Services, Inc. by physicians Harvey Goldberg, MD, Francisco Santiago, MD, Burton Diamond, MD, Joseph Cole, MD and licensed acupuncturist Eric Baron, LAC and Scott Cortez, LAC, including, but not limited to, all IME reports, peer review reports, medical reports and any other reports prepared by the aforementioned professionals.

3. Please produce any and all agreements, contracts or other written documents evidencing the relationship between State Farm and Metro Medical Services, Inc.

4. Please produce all evidence of payment by State Farm to Metro Medical Services, Inc., including, but not limited to, copies of cancelled checks, direct deposits, etc.

5. Please produce all documents evidencing Metro Medical Services, Inc.'s creation, use, composition or establishment of statistics, formulas or records relating to services provided by particular physicians or other medical professionals who do or who have provided services for or on behalf of Metro Medical Services, Inc.

Metro Medical cannot provide the documents requested in the first or second categories of documents because the demands are overly broad and it would be extremely burdensome to comply with these requests. First, Metro Medical does not create or file records relating to services provided by any particular treating physician or other medical professionals. Second, McGee's demands are not limited by date. Therefore, a Metro Medical employee would have to manually review every file in the office to confirm whether it related to McGee, *et al*. Metro Medical facilitates tens of thousands of reviews or examinations per year and every review or examination file contain hundreds of pages of records. To comply with McGee's subpoena would require a review of this magnitude. Moreover, even if Metro Medical were to be able to identify documents responsive to the demands, it could not provide said documents without violating HIPAA requirements. Finally, some of the documents sought may already be in the possession of the plaintiff, State Farm, if any of the reviews or examinations were conducted on its behalf.

Metro Medical cannot provide the documents requested in the third or fourth categories of documents because the demands are overly broad. These demands also seek proprietary commercial information. Moreover, these demands are more properly served upon the plaintiff, State Farm, who may be in possession of any such documents.

Finally, Metro Medical cannot provide the documents requested in the fifth category of documents because no such records are maintained. As indicated above, Metro Medical does not create or file records relating to services provided by any particular treating physician or other medical professionals.

Thank you for your attention to this matter. Please contact me after you have had a chance to consider our positions and request.

    Very truly yours,

    SCHENCK, PRICE, SMITH & KING, LLP

    John P. Campbell

JPC/1216328

**CC Via Email:**

Emily J. Prentice, Esq.
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661-3693
emily.prentice@kattenlaw.com