# GARFUNKEL WILD, P.C.
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964

www.garfunkelwild.com

ANDREW L. ZWERLING
Partner/Director
Email: azwerling@garfunkelwild.com
Direct Dial: (516) 393-2581

FILE NO.: 12254.0003.

March 29, 2012

**By ECF**

The Hon. Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York  11201

Re:   State Farm v. John McGee, et al, 10-CV-3848 (ILG)(RML)

Your Honor:

As counsel to Dr. Francisco Santiago ("Dr. Santiago"), we write in opposition to the motion (the "Motion") brought by Defendants in the above-captioned matter (the "Action") to compel the deposition of Dr. Santiago, a non-party in the Action. Defendants' application should be denied on both procedural and substantive grounds.

Procedural Flaws Underlying Defendants' Application

As a threshold matter, Defendants admittedly failed to serve the Motion on Dr. Santiago in timely fashion. The Motion was submitted to the Court on March 6, 2012. But, as defense counsel must acknowledge, Defendants failed to serve the Motion on Dr. Santiago until March 26, 2012, giving Dr. Santiago four days in which to respond to the Motion and prepare for a related court conference scheduled for this Friday (March 30th) at 3:30pm. These facts are not in dispute as shown by defense counsel's letter accompanying the Motion. *See* Exhibit 1. Based upon the untimely service of Defendants' application, it should be denied.

On a related subject, although defense counsel states that the reason it failed to timely serve Dr. Santiago was due to the departure of two partners from their firm, we must inform the Court that this is not the first time that defense counsel have failed to abide by rules governing service of process. (Defendants do not dispute that Dr. Santiago timely interposed objections to the subpoenas served on him.) Defendants first served a subpoena on Dr. Santiago in October 2011, to which Dr. Santiago objected in a letter I wrote to defense counsel on October 28, 2011. (*See* Exhibit 2.) Then, notwithstanding their knowledge that Dr. Santiago was represented by counsel concerning attempts to subpoena him in the Action, defense counsel then served yet a

NEW YORK                            NEW JERSEY                            CONNECTICUT

2097151v.1

second subpoena on Dr. Santiago directly, an ethical lapse that was brought to their attention in a letter from me dated February 13, 2012 (a copy of which is attached as Exhibit 3).

Yet another basis for denial of Defendants' application is the pendency of Defendants' motion to compel arbitration as to specified claims and otherwise stay proceedings. That application (a copy of which is attached as Exhibit 4) was filed by Defendants on March 5, 2012, *i.e.*, the day before Defendants filed the Motion. To the extent Defendants' application for a stay and to compel arbitration will be granted, its application to compel depositions should be denied.

<u>Substantive Flaws In Defendants' Application</u>

Defendants seek to depose Dr. Santiago purportedly to show that "State Farm handled IME's in a uniform manner as to unreasonably deny payments to Defendants for services rendered." These very claims, however, were advanced by Defendants against State Farm and myriad other defendants, including Dr. Santiago, in an action that was dismissed in July 2009. *See* Exhibit 5. When Defendants subsequently filed an amended pleading in response to that dismissal, Dr. Santiago was not named as a defendant. Given the apparent merit-based resolution of these claims and arguments as they affect Dr. Santiago and similarly situated former defendants, the predicate for Defendants' application is not viable and therefore their application to depose Dr. Santiago should be rejected. Although the Court's January 10, 2012 order (deciding State Farm's motion for a protective order [*see* Exhibit 6]) states that "[t]he McGee defendants shall identify 2 nonparty doctors whom they wish to depose," there is nothing to suggest that the Court indicated that Defendants should seek to depose non-party doctors who succeeded in having the same baseless allegations dismissed as against them, as opposed to other non-party physicians who were never named as parties. Dr. Santiago was forced to expend considerable time and expense in successfully defeating such baseless allegations and should not be forced to endure another layer of such burdens. Also, to reiterate, since the issuance of the January 10, 2012 order, Defendants have moved to stay all proceedings, so it is an open question as to whether or not any forms of discovery will proceed.

Additionally, Defendants' subpoena is overbroad in its scope. In the original subpoena served on Dr. Santiago by Defendants (*see* Exhibit 7) they sought

> "[A]ny and all documents, as that term is defined by Fed. R. Civ. P. 34(a), or other tangible items that are in your possession, custody or control that pertain, relate or represent John McGee, Advanced Medical Rehabilitation, P.C., Integrated Medical Rehabilitation and Diagnostics, P.C., Yellowstone Medical Rehabilitation, P.C., Queens-Brooklyn Medical Rehabilitation, P.C., and Queens Brooklyn Jewish Medical Rehabilitation, P.C., including but not limited to all medical reports prepared pursuant to peer reviews and independent medical examinations that relate to treatment provided by Advanced Medical Rehabilitation, P.C., Queens-Brooklyn Medical Rehabilitation, P.C., and Queens-Brooklyn Jewish Medical Rehabilitation, P.C."

GARFUNKEL WILD, P.C.

2097151v.1

The Hon. Robert M. Levy
March 29, 2012
Page 3

In Defendants' second subpoena (*see* Exhibit 8), they repeated that same demand, but added several others:

> "[A]ny and all reports, including, but not limited to, medical reports, peer reviews, IME reports, generated by you for Metro Medical Services, P.C."

> "[A]ny and all documents reflecting payments made by Metro Medical Services, Inc., to you."

> "[A]ny and all documents relating to any agreements, including, but not limited to, written agreements, contracts and memoranda between you and Metro Medical Services, Inc."

As noted in the opposition papers of Metro Medical, documents cannot be provided in response to these requests because they are overbroad and it would be extremely burdensome to attempt to comply with these requests. Defendants' demands are overbroad in terms of the scope of the subject matter, but also due to the absence of any time frames relating to them. Importantly, Dr. Santiago does not generally include in his reports the name of the patient's treating physician. Therefore, in order to respond to the first request Dr. Santiago would be required manually to review each of the **thousands** of reports he has prepared over a period of approximately thirteen years due to the random possibility that there may be a reference to the name of the treating physician. This would be extremely burdensome and unfair. Equally overbroad and burdensome is Defendants' second request, which calls for all reports prepared by Dr. Santiago for Metro Medical. Not only is there a total absence of any justification or showing of relevancy for this demand, but this request as well would require an arduous and time-consuming manual search of all records. Furthermore, to the extent some of these documents even exist and are in the possession and control of Dr. Santiago, disclosure could not be made in the absence of an appropriate protective order, to the extent any of the requested documents contained protected health information. Additionally, as Metro Medical states, many, if not all, of the requested documents may be in the possession of State Farm. Finally, as to the third and fourth requests, Dr. Santiago is not in possession of any such records.

Based upon the above arguments, we request that this Court deny Defendants' application to compel the deposition of Dr. Santiago.

Very truly yours,

Andrew L. Zwerling

GARFUNKEL WILD, P.C.

2097151v.1

The Hon. Robert M. Levy
March 29, 2012
Page 4

Enclosures

cc: Colleen Tarpey
    All Counsel Via ECF

GARFUNKEL WILD, P.C.

2097151v.1